```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      STATESVILLE DIVISION
                        5:05CV255MU-02
```

**MELANIE SAMMONS ANDERSON,**     )
    **Petitioner,**                  )
                                          )
        **v.**                           )                **ORDER**
                                          )
**WARDEN OF N.C. STATE PRISON,**  )
    **Respondent.**                  )
_____)

**THIS MATTER** comes before the Court on petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, filed August 8, 2005. For the reasons stated herein, the instant Petition will be <u>dismissed</u> as time-barred.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

As the Court noted in its earlier Order of October 6, 2005 entered pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), the petitioner's form-Petition is very sketchy concerning the procedural history of her underlying criminal case. As best as can be determined, at some undisclosed point, the petitioner was convicted of First-Degree Murder in the Superior Court of Wilkes County. Thereafter, that Court sentenced the petitioner to death. However, at some unidentified point, the State Court of Appeals vacated the petitioner's sentence and remanded her case for re-sentencing.

Next, the Petition reports that on August 11, 2004, the

State Supreme Court denied the State's Petition for a Writ of Certiorari. Consequently, at some unspecified time, the petitioner was re-sentenced to a term of life imprisonment without the possibility of parole.

Thereafter, on August 8, 2005, the petitioner came to this Court on her Habeas Petition, alleging that she was subjected to two instances of ineffective assistance of counsel at trial. Nevertheless, based upon what this Court described as "gaping holes," its earlier Order explained that it was impossible for the Court to determine whether this Petition had been timely filed. Nor could the Court determine whether the petitioner had even exhausted the claims which she currently is seeking to raise in this Petition.

Accordingly, by its earlier Order, the Court explained the 1-year limitations period as imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA" hereafter). Further, in accordance with Hill, that Order also gave the petitioner 30 days in which to file a document setting forth the missing information, and explaining why her Petition should be construed as timely filed. By the terms of the Court's Order, such document should have been filed no later than November 5, 2005.

Equally critical, the Court's earlier Order also denied the petitioner's request to proceed with this action in forma pauperis, and directed her to pay the $5.00 filing fee by the

same November 5, 2005 date. The petitioner was specifically admonished that her failure to comply with either directive could result in the summary dismissal of her case.

Notwithstanding those two directives, the petitioner has neither paid her meager $5.00 filing fee nor submitted her explanatory document. Consequently, this Petition will be <u>dismissed</u>.

## II. **ANALYSIS**

As the petitioner was advised by the Court's first Order, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>    (A) the date on which the judgment became final by the
>    conclusion of direct review or the expiration of the
>    time for seeking such review:
>
>    (B) the date on which the impediment to filing an
>    application created by State in violation of the
>    Constitution or laws of the United States is removed,
>    if the applicant was prevented from filing by such
>    State action;
>
>    © the date on which the constitutional right asserted
>    was initially recognized by the Supreme Court; if the
>    right has been newly recognized by the Supreme Court
>    and made retroactively applicable to cases on
>    collateral review; or
>
>    (D) the date on which the factual predicate of the
>    claim or claims presented could have been discovered

through the exercise of due diligence.

However, the AEDPA provides that the time during which a <u>properly filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, as has been noted, the petitioner has failed to provide sufficient information upon which the Court can determine when the petitioner's conviction and sentence became final. Furthermore, the petitioner has not attempted to offer a basis upon which this Court could find that her limitations period can be equitably tolled in order to render the instant Petition timely filed. <u>See</u> <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2004) (<u>en banc</u>) (equitable tolling of the statute of limitations is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result"), <u>cert. denied</u>, 125 S.Ct. 209 (2004). <u>See also</u> <u>United States v. Sosa</u>, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

Moreover, the petitioner has failed to provide any information to demonstrate that the claims raised herein were properly exhausted in State court. <u>See</u> 28 U.S.C. §2254(b) (noting general, barring valid excuse, requirement for exhaustion before seeking federal <u>habeas corpus</u> relief); <u>see also</u> <u>Breard v. Pruett</u>,

134 F.3d 615, 619 (4th Cir. 1998) (noting petitioner's burden for proving exhaustion); and Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (same). Thus, inasmuch as the petitioner has the burden of proof for establishing both of those matters for this Court, her Petition must be dismissed for her failures in these regards.

Finally, it also has not escaped the Court's attention that the petitioner has failed to pay the filing fee for this action. Consequently, this is yet another reason why her Petition must be dismissed.

### III. CONCLUSION

The petitioner has failed to pay her filing fee and to demonstrate that her Habeas Petition contains exhausted, timely filed claims. Accordingly, the petitioner's Petition must be denied and dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is **DENIED and DISMISSED**.

**SO ORDERED.**

**Signed: November 16, 2005**

Graham C. Mullen
Chief United States District Judge